UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Criminal No. 2:19-cr-20492
Hon. Mark A. Goldsmith

DARELL REED, D-1

Defendant.
_____

## DEFENDANT'S SENTENCING MEMORANDUM

Now comes Defendant, Darell Davie Reed, by and through his counsel, John M. McManus of McManus Law, PLLC, and as Defendant's Sentencing Memorandum represents to this Honorable Court, as follows:

This Court is tasked with sentencing Mr. Darell Davie Reed on Count 1 - Conspiracy to Commit Hobbs Act Robbery, for actions in contravention of 18 U.S.C. Section 1951(a). That Count is a Class E felony with punishment not to exceed 20 years, or a fine of $250,000.00. This Court is very familiar with Mr. Reed as a result of its involvement with, presiding over, and sentencing Mr. Reed in relation to Docket No. 17-cr-20837, a drug charge for which this Court sentenced Mr. Reed to 262 months. Mr. Reed has been in custody of the U.S. Marshall Service since July 11, 2019.

As this Court is fully aware, undersigned counsel was initially appointed to represent Mr. Reed as Stand-By Counsel and ultimately agreed to act as his attorney for purposes of entering his plea(s), and preparing sentencing memoranda on his behalf in the 2017 case, as well as in this case. At all times prior thereto during the tenure of undersigned counsel, Mr. Reed was acting as his own lawyer. This Honorable Court knows full well that Mr. Reed did have the benefit of

1

several prior counsel and then chose to represent himself in both actions. Undersigned counsel files this sentencing memorandum for purposes of this Court's sentencing the Hobbs Act charge, as well as the Third Superseding Indictment Sentencing Enhancement pursuant to 18 U.S.C. § 3147 for offense committed while on release.

**Presentence Report**

Mr. Reed asks this Court to consider the matters set forth in the initial presentence report on the 2017 case, as well as that prepared by U.S. Probation Officer Kristin Berry on this 2019 matter. Both Presentence Reports were comprehensive, accurate, and the only issues taken, and objections advanced, were with proposed sentencing enhancements under the United States Sentencing Guidelines. Mr. Reed takes exception to the enhancements for the "dangerous weapon" (USSG section 2B3.1) and for "leadership," (USSG section 3B1.1) as utilized within the body of the presentence report, and as increases in the advisory guideline ranges.

**Dangerous Weapon**

As this Court is fully aware, the Presentence Report applies a 3 level increase to base offense level of 20 for what it considers a "dangerous weapon" being utilized during the various robberies of the jewelry stores set forth within the Indictment. Mr. Reed objects to the sledgehammer being found to meet the definition of dangerous weapon, and suggests this Honorable Court reject the enhancements sought within the Presentence Report. Additionally, Mr. Reed objects to the application of any dangerous weapon against him as he was not physically in any of the stores where sledgehammers were allegedly utilized to break display cases. For those reasons it is suggested that the 3-level enhancement be removed from any advisory guideline calculation made by this Court.

**Leadership**

Mr. Reed takes exception to the 4-level increase for his alleged position of "**Leader/Organizer**", as set forth within paragraph 27 of the Presentence Report. As this Court is aware, Mr. Reed only plead to his role in 7 individual robberies and advised the Court during his plea colloquy that he had no idea as to the value of items taken as he was not on the premises during the robberies.  Further, there were several robberies which Mr. Reed was not in any way related, received no communication from the Defendants in those matters, and thus was definitively not a leader for several of the operative events upon which the Indictment is based.

For that reason, Mr. Reed requests this Honorable Court reject the 4-point enhancement set forth within paragraphs 39, 46, 53, 59, 65, 72, 78 as articulated in the Presentence Report.  To be consistent with the representations in the prior sections of this Memorandum, , Mr. Reed also requests the Court to reject the 3-level increase for dangerous weapon, contained at paragraphs 36, 43, 50, 63, 69, 76, of the PSR.

Further, the calculations set forth at paragraph 81 regarding multiple count adjustment should be rejected by this Court as it relies upon the dangerous weapon and leadership enhancements specifically objected to herein.

Rather, Defendant requests this Court find the base offense level of 20 with an increase for 2 levels correlating with the loss amount of greater than $95,000.00 but less $500,000.00, and 3 levels for obstruction of justice as required upon 18 U.S.C. Section 3147 and U.S.S.G. Section 3C1.3.  Based on Mr. Reed's calculations the total offense level should be 25. When applying that offense level to criminal history category of III, it is Defendant's position that the resulting advisory guideline range should be 70-87 months.  As an integral part of the plea agreement reached in both cases, Mr. Reed agreed that:

"UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C), THE PARTIES AGREE THAT THE DEFENDANT'S TOTAL SENTENCE FOR THIS CASE, CASE NO. 19-20492, AND ANY SENTENCE IMPOSED BY THE COURT IN CASE NO. 17-cr-20837 SHALL NOT EXCEED 262 MONTHS."

For the foregoing reasons, Mr. Reed respectfully requests this Honorable Court sentence him to a term at the bottom of his calculated advisory guideline range for the reasons set forth herein.

Respectfully Submitted,

McManus Law, PLLC

/s/John M. McManus
John M. McManus (P44102)
117 W. Fourth St., Ste. 201
Royal Oak, MI 48067
T: (248) 268-8989
F: (248) 284-2131
*Attorney for Defendant Darell Reed, D-1*

Dated: December 28, 2022